UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| LEAGUE TO SAVE LAKE TAHOE, | ) | |
| Plaintiff, | ) | |
| v. | ) | 3:09-cv-478-RCJ-RAM |
| TAHOE REGIONAL PLANNING AGENCY, et al., | ) | **ORDER** |
| Defendants. | ) | |

Currently before the Court is Sierra Colina, LLC and QMO, LLC's Bill of Costs (#67) and Plaintiff's Motion to Strike or, in the Alternative, Surreply (#73). The Court heard oral argument on July 23, 2012.

**BACKGROUND**

This case arises from a challenge to the Tahoe Regional Planning Agency's ("TRPA") June 24, 2009, approval of the Sierra Colina Village Project in Douglas County, Nevada. On August 30, 2011, this Court granted Sierra Colina, LLC, Sierra Colina Village, LLC, and QMO, LLC's (collectively "Sierra Colina Defendants") Motion for Summary Judgment and the TRPA's motion for summary judgment in their entirety. (Order (#65) at 25). The pending motions now following.

**LEGAL STANDARD**

Under the American rule, litigants ordinarily are required to bear the expenses of their litigation unless a statute or private agreement provides otherwise. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579 (9th Cir. 2010). Pursuant to Fed. R. Civ. P. 54, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs–other than attorney's

fees–should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1).

Pursuant to 28 U.S.C. § 1920, a judge may tax as costs:

(1)    Fees of the clerk and marshal;

(2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3)    Fees and disbursements for printing and witnesses;

(4)    Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5)    Docket fees under section 1923 of this title;

(6)    Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

## DISCUSSION

In their bill of costs, Sierra Colina Defendants seek a total of $76,259.86 in costs. (Bill of Costs (#67) at 1). The bill of costs stated that they sought $8,478.88 in fees for printed or electronically recorded transcripts necessarily obtained for use in this case. (*Id.*). They sought $2,271.36 in fees and disbursements for printing. (*Id.*). They sought $65,509.62 for fees for exemplification and the costs of making copies of any materials where the copies were necessarily obtained for use in the case. (*Id.*).

Plaintiff filed objections to the bill of costs. (Obj. to Bill of Costs (#69) at 1). Plaintiff objected to all the costs except for $2,341.49 in scanning-related costs. (*Id.* at 2).

This order will address each of Plaintiff's objections and Sierra Colina Defendants' reply.

**I.    Attorneys' Fees and Paralegal Fees**

Sierra Colina Defendants assert costs of $57,543 for the production of the administrative record paid to the law firm of Remy, Thomas, Moose, and Manley, LLP pursuant to 28 U.S.C. § 1920(4). (Kenninger Decl. (#67) at 8; Exh. G (#67) at 79). The invoices billed time for Ashle Crocker (Of Counsel), Chris Butcher (Associate), Mona DeMarco (Paralegal), and Tina Thomas (Of Counsel). (Exh. G (#67) at 82, 88, 94). Sierra Colina Defendants also

assert costs in the amount of $7,896.49 for record preparation prepared by TRPA personnel to produce the administrative record, which Sierra Colina Defendants paid to the TRPA. (Kenninger Decl. (#67) at 7; Exh. F (#67) at 72). The invoice billed time for Nicole U. Rinke (NUR), an attorney; Jordan Dunlap (SJD), a paralegal; and Scott J. Lichtig (SJL), an attorney. (Exh. F. (#67) at 74; see Bill of Costs (#69) at 5). Of the $65,439.49 sought in these exhibits, $61,250.24 are for attorneys' fees and paralegal fees. (Obj. to Bill of Costs (#69) at 4).

Plaintiffs assert that attorneys' fees and paralegal fees are not taxable costs under 28 U.S.C. § 1920. (Obj. to Bill of Costs (#69) at 3). Sierra Colina Defendants assert that they are seeking costs associated with the physical efforts undertaken to gather, organize, index, and prepare the complete record underlying proceedings in this litigation. (Reply to Bill of Costs (#72) at 5).

Section 1920(4) states that a judge may tax as costs "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The Ninth Circuit has held that under this cost provision, fees for exemplification and copying "are permitted only for the physical preparation and duplication of documents, not the intellectual effort involved in their production." *Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (internal quotation and citation omitted). In *Zuill*, the Court found that § 1920(4) permitted the fees and expenses of photocopying the documents and shipping them to defense counsel but did not permit "the attorneys' fees and related 'intellectual effort involved in their production.'" *Id.*

Per the discussion at oral argument, the Court grants costs for the production of the administrative record for work completed by associates, paralegals, and support staff at $50/hour. However, the Court awards no costs to the top professionals billing $500/hour for record preparation. As discussed at oral argument, the parties shall submit a proposed order with a reduced amount of costs consistent with this order.

**II.     Travel and Lodging Expenses**

Sierra Colina Defendants seek $1596.45 in lodging for its attorneys to travel to Lake Tahoe to prepare the administrative record and $240.30 in mileage expenses for travel by their

3

attorneys. (*See* Exh. G (#67) at 82, 88). Sierra Colina Defendants seek these expenses pursuant to 28 U.S.C. § 1920(4). (Kenninger Decl. (#67) at 8).

The Ninth Circuit has held that travel expenses are not awarded under § 1920, but may be compensable under a different statute. *See Grove*, 606 F.3d at 580. As such, the Court grants Plaintiff's objection and strikes the bill of costs in the amount of $1596.45 in lodging and $240.30 for mileage for Sierra Colina Defendants' attorneys.

**III.     Legal Secretary and Land Use Analysts Fees**

Sierra Colina Defendants seek $1925.00 for legal secretary fees and $437.50 for a land use analyst in preparation of the administrative record. (*See* Exh. G (#67) at 94). Sierra Colina Defendants seek these expenses pursuant to 28 U.S.C. § 1920(4). (Kenninger Decl. (#67) at 8).

There are no Ninth Circuit cases addressing whether copying costs include the cost of labor to produce the documents. Because there is no precedent, the Court will award labor costs in the amount of $1925.00 for legal secretary fees and $437.50 for the land use analyst.

**IV.    Costs of Transcripts Ordered Prior to Existence of Case**

Sierra Colina Defendants seek $8,478.88 for hearing transcripts for TRPA hearings on the proposed Sierra Colina Project for (1) October 25, 2006 TRPA Governing Board Hearing; (2) August 28, 2008 TRPA Governing Board Hearing for public comment on the Environmental Impact Statement ("EIS"); (3) September 10, 2008 TRPA Advisory Planning Commission ("APC") hearing; (4) June 10, 2009 TRPA APC hearing regarding certification of the EIS; and (5) June 24, 2009 TRPA Governing Board hearing regarding certification of the EIS and approval of the Sierra Colina Project. (Kenninger Decl. (#67) at 5). Sierra Colina Defendants seek these costs pursuant to 28 U.S.C. § 1920(2). (*Id.* at 5-6).

Plaintiff asserts that all of the transcripts were ordered and requested before the existence of the current lawsuit which Plaintiff filed on August 21, 2009. (Obj. to Bill of Costs (#69) at 7). Plaintiff asserts that Sierra Colina Defendants seek reimbursement of costs associated with retaining reports and copies of transcripts before the case ever existed because the last invoice is dated August 19, 2009. (*Id.*). Plaintiff also asserts that the Local

4

Rule prevents Sierra Colina Defendants' request for transcript fees because the Court did not request the transcripts nor was there a stipulation between the parties for the transcripts. (*Id.* at 8).

In reply, Sierra Colina Defendants assert that Judge McQuaid did order the transcripts because he ordered that the administrative record in this case be filed by May 21, 2010. (Reply to Bill of Costs (#72) at 2). Additionally, Sierra Colina Defendants assert that, pursuant to the TRPA's Rules of Procedure, the administrative record must contain certified transcripts of the recordings of the Board Meetings associated with the project being challenged. (*Id.* at 3). Plaintiff also asserts that Plaintiff's executive director indicated as early as September 21, 2005, her intention to litigate the merits of any proposal on the Sierra Colina property. (*Id.*).[1]

Section 1920(2) provides that a judge may tax as costs the "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Nevada Local Rule 54-3 states that "[t]ranscripts of pretrial, trial, and post-trial proceedings are not taxable unless either requested by the Court or prepared pursuant to stipulation approved by the Court." Nev. Loc. R. 54-3.

In this case, the Court permits the bill of costs for these transcripts. On December 10, 2009, Judge McQuaid, at a hearing, ordered that the last day for the parties to file the administrative record was on May 21, 2010. (Minutes of Proceedings (#29)). As such, the Local Rule does not prevent awarding transcript costs. Moreover, the legal standard in this case was whether substantial evidence supported the TRPA's findings. (*See* Order (#65) at 14). In making that determination, the Court had to review "the entire record to see if it contain[ed] such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (*See id.*). In order for the Court to do that, the Court had to look at the

---

[1] Plaintiff files a motion to strike, or in the alternative, file a surreply to the Sierra Colina Defendants' reply. (Mot. to Strike (#73) at 1). Specifically, Plaintiff moves to strike the affidavit of Gail Jaquish and declaration of Joanna Marchetta who state that Plaintiff's executive director, Rochelle Nason, threatened litigation prior to or during the administrative proceedings. (*Id.* at 2-3). Plaintiff asserts that if the declaration and affidavit are considered, the Court should consider Rochelle Nason's own declaration as to those events. (*Id.* at 3). The Court grants the motion to strike (#73) and resolves the bill of costs dispute on other grounds.

transcripts from the TRPA's board meetings. As such, the hearing transcripts, obtained prior to the initiation of this litigation, were necessarily obtained for use in this case. Therefore, the Court permits the bill of costs for the transcripts.

As such, the parties are ordered to submit a proposed order for the final bill of costs consistent with this order within 20 days of the date of this order.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Bill of Costs (#67) is GRANTED in part and DENIED in part. The parties have 20 days from the date of this order to submit a proposed order for the final bill of costs that is consistent with this order.

IT IS FURTHER ORDERED that the Motion to Strike or, in the Alternative, Surreply (#73) is GRANTED.

DATED: This 3rd day of August, 2012.

_____
United States District Judge