**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LEAGUE TO SAVE LAKE TAHOE, ) <br>           ) <br>   Plaintiff, ) <br>           ) <br>   v.      ) <br>           ) <br> TAHOE REGIONAL PLANNING AGENCY, ) <br> et al.,    ) <br>           ) <br>   Defendants. ) <br>           ) | 3:09-cv-478-RCJ-RAM <br><br> **ORDER** |

_____

This case arises from a challenge to the Tahoe Regional Planning Agency's ("TRPA") June 24, 2009, approval of the Sierra Colina Village Project in Douglas County, Nevada. On August 30, 2011, this Court granted Sierra Colina, LLC, Sierra Colina Village, LLC, and QMO, LLC's (collectively "Sierra Colina Defendants") Motion for Summary Judgment and the TRPA's motion for summary judgment in their entirety. (Order (#65) at 25). The Court denied Plaintiff League to Save Lake Tahoe's Motion for Summary Judgment. (*Id.*). The Clerk of the Court entered judgment in this case on August 30, 2011. (Judgment (#66)). Plaintiff appealed to the U.S. Court of Appeals for the Ninth Circuit. (Notice of Appeal (#68)).

On October 11, 2012, the Ninth Circuit issued a memorandum disposition vacating and remanding this Court's judgment. (Ninth Cir. Mem. Dispo (#95) at 1-2). The Ninth Circuit held that the existing record did not adequately support two of the mandatory findings underlying TRPA's approval of the land coverage transfer for Linear Public Facility ("LPF") 3. (*Id.* at 3). Specifically, the Court held that the existing record did not adquately support "TRPA's finding, pursuant to Code § 20.3.B(4)(d), that LPF 3 [would] primarily serve the needs of individuals other than Sierra Colina residents." (*Id.* at 4). The Ninth Circuit stated that, on remand, TRPA

"must articulate its basis for finding that LPF 3 [would] not only have public benefits, but [would] 'primarily' serve public needs as the agency reasonably reads that term." (*Id.*). The Ninth Circuit also held that the existing record did "not contain substantial evidence that there [were] no feasible alternatives to the approved coverage transfer for LPF 3 that would reduce Sierra Colina Village's overall land coverage." (*Id.* at 4-5). The Ninth Circuit held that because substantial evidence did not support two mandatory TRPA findings it had to vacate this Court's judgment. (*Id.* at 6). The Ninth Circuit remanded to this Court "with instructions to vacate TRPA's approval of the land coverage transfer for LPF 3 and remand back to the agency for further proceedings consistent with [its] disposition." (*Id.*).

This Court now vacates its judgment and remands this case back to the agency for further proceedings consistent with the Ninth Circuit's memorandum disposition.

**CONCLUSION**

For the foregoing reasons, IT IS ORDERED that this Court's judgment is VACATED.

IT IS FURTHER ORDERED that this case is REMANDED back to the Tahoe Regional Planning Agency for further proceedings consistent with the Ninth Circuit's memorandum disposition.

Dated: This 14th day of March, 2013.

_____
United States District Judge