1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

LEAGUE TO SAVE LAKE TAHOE,           )
                                     )
       Plaintiff,                )
                                     )
    v.                               )        3:09-cv-478-RCJ-RAM
                                     )
TAHOE REGIONAL PLANNING AGENCY et )     **ORDER**
al.,                                 )
                                     )
       Defendants.               )
_____

     Currently before the Court is Plaintiff's Motion for Further Relief Pursuant to 28 U.S.C. § 2202 Awarding Attorneys' Fees and Costs (#101).

## BACKGROUND

     This case arises from a challenge to the Tahoe Regional Planning Agency's ("TRPA") approval of the Sierra Colina Village Project in Douglas County, Nevada.  On August 21, 2009, Plaintiff League to Save Lake Tahoe filed a complaint for declaratory and injunctive relief against Defendants Tahoe Regional Planning Agency ("TRPA") and Sierra Colina, LLC, Sierra Colina Village, LLC, and QMO, LLC (collectively "Sierra Colina Defendants").  (Compl. (#1) at 1).  Plaintiff brought this action to challenge the TRPA's June 24, 2009, approval of the Sierra Colina Village Project ("Project"). (*Id.* at 3).

     Plaintiff alleged three causes of action in its complaint.  (*Id.* at 16-22).  In the first cause of action, Plaintiff alleged that the TRPA abused its discretion and failed to proceed in manner required by law when it approved the Project and the provision that found that the Project's access road was a Linear Public Facility ("LPF") despite the fact that the road did not comply with the LPF definition in the TRPA Code of Ordinances.  (*Id.* at 19).  Plaintiff challenged the

designation of LPF 3.  In the second cause of action, Plaintiff alleged that the TRPA abused

its discretion and failed to proceed in a manner required by law when it approved the Project

because at least three of the four elements required by TRPA Code § 20.3.B(4) had not been

satisfied.  (*Id.* at 22).  In the third cause of action, if this Court remanded the action, Plaintiff

sought a writ of certiorari, pursuant to NRS § 34.020, to be issued against the TRPA directing

the TRPA to deny the Project as proposed.  (*Id.* at 22-23).  Plaintiff sought the following relief:

(a) issuance of a preliminary and permanent injunction prohibiting the Sierra Colina

Defendants from taking any action in furtherance of the Project; (b) issuance of a declaratory

order setting aside and directing the TRPA to set aside all Project approvals and permits at

issue in the action; (c) issuance of a declaratory order that the TRPA's decision to approve the

Project violated the TRPA Code because the TRPA abused its discretion by approving the

Project's access road as a LPF and by approving the transfer of land coverage for the access

road under TRPA Code § 20.3.B(4); (d) issuance of a peremptory writ of certiorari ordering the

TRPA to set aside the Project approvals, permits, and environmental impact statement ("EIS")

at issue in this action; (e) award costs; and (f) reasonable attorneys' fees.  (*Id.* at 23-24).

Plaintiff in part sought declaratory relief pursuant to 28 U.S.C. §§ 2201-2202.  (*Id.* at 2).

On August 30, 2011, this Court granted the Sierra Colina Defendants' Motion for

Summary Judgment and the TRPA's motion for summary judgment in their entirety.  (Order

(#65) at 25).  The Court denied Plaintiff's Motion for Summary Judgment.  (*Id.*).  The Clerk of

the Court entered judgment in this case on August 30, 2011.  (Judgment (#66)).  Plaintiff

appealed to the U.S. Court of Appeals for the Ninth Circuit.  (Notice of Appeal (#68)).

On October 11, 2012, the Ninth Circuit issued a memorandum disposition vacating and

remanding this Court's judgment.  (Ninth Cir. Mem. Dispo (#95) at 1-2).  The Ninth Circuit held

that the existing record did not adequately support two of the mandatory findings underlying

TRPA's approval of the land coverage transfer for LPF 3.  (*Id.* at 3).  Specifically, the Court

held that the existing record did not adequately support "TRPA's finding, pursuant to Code

§ 20.3.B(4)(d), that LPF 3 [would] primarily serve the needs of individuals other than Sierra

Colina residents."  (*Id.* at 4).  The Ninth Circuit stated that, on remand, TRPA "must articulate

1    its basis for finding that LPF 3 [would] not only have public benefits, but [would] 'primarily'

2    serve public needs as the agency reasonably reads that term." (*Id.*).  The Ninth Circuit also

3    held that the existing record did "not contain substantial evidence that there [were] no feasible

4    alternatives to the approved coverage transfer for LPF 3 that would reduce Sierra Colina

5    Village's overall land coverage." (*Id.* at 4-5).  The Ninth Circuit held that because substantial

6    evidence did not support two mandatory TRPA findings it had to vacate this Court's judgment.

7    (*Id.* at 6).  The Ninth Circuit remanded to this Court "with instructions to vacate TRPA's

8    approval of the land coverage transfer for LPF 3 and remand back to the agency for further

9    proceedings consistent with [its] disposition." (*Id.*).  The Ninth Circuit recognized that Plaintiff's

10   "challenges as described on appeal [were] much more detailed than the objections made

11   before TRPA in the first instance, and that TRPA must be afforded the opportunity to

12   reexamine the objections and enter new findings." (*Id.*).  The Ninth Circuit stated that they

13   "need not, and do not, reach any other issue urged by the parties." (*Id.*).

14       In March 2013, this Court vacated its judgment and remanded back to TRPA for further

15   proceedings consistent with the Ninth Circuit's memorandum disposition.  (Order (#98) at 2).

16   The pending motion now follows.

**DISCUSSION**

18       Plaintiff files a motion for attorneys' fees pursuant to 28 U.S.C. §§ 2201-2202, the

19   Federal Declaratory Judgment Act ("FDJA").  (Mot. for Fees (#101) at 6).  Plaintiff seeks costs

20   and expenses that are not otherwise taxable pursuant to Fed. R. Civ. P. 54(d).  (*Id.*).  Plaintiff

21   asserts that it is entitled to "further necessary or proper relief" under the FDJA because the

22   Ninth Circuit's ruling fully satisfied its prayer for declaratory relief.  (*Id.* at 7).  Plaintiff argues

23   that courts have applied broad authority to award attorneys' fees under 28 U.S.C. § 2202 and

24   that the decision to award attorneys' fees to the prevailing party in a declaratory judgment

25   action is committed to the sound discretion of the court.  (*Id.*).  Plaintiff asserts that this Court

26   in *In re USA Commercial Mortg. Co.*, 802 F.Supp.2d 1147 (D. Nev. 2011), held that federal

27   judges have discretionary authority to award attorneys' fees as part of the "necessary and

28   proper" relief described in § 2202.  (*Id.*).  Plaintiff argues that attorneys' fees are necessary

3

1   and proper to require compliance with the TRPA Code and to protect the Tahoe Basin's

2   natural resources.  (*Id.* at 11).  Plaintiff asserts that its fees are reasonable and applies the

3   factors listed in Local Rule 54-16.  (*Id.* at 12-20).  Plaintiff seeks attorneys' fees in the amount

4   of $188,189.50 and $1671.75 for costs.  (*Id.* at 22).

5       In response, TRPA and the Sierra Colina Defendants argue that Plaintiff did not obtain

6   declaratory relief because the Ninth Circuit did not issue a determination of Plaintiff's rights.

7   (Opp'n to Mot. for Fees (#104) at 12-13).  Defendants argue that an administrative remand

8   does not constitute declaratory relief because an administrative remand permits the agency

9   to modify or correct a decision previously reached, while declaratory relief is ordered to

10  proscribe future rights or outcomes.  (*Id.* at 13).  Defendants contend that the Ninth Circuit

11  ordered TRPA to reconsider its previous decision to issue a permit for LPF 3 based on

12  additional evidence but did not prescribe any limitations on TRPA's future ability to exercise

13  its discretion to reapprove the LPF 3 permit.  (*Id.* at 14).  Defendants argue that *In re USA*

14  *Commercial* is distinguishable from the case at hand because the Court in that case

15  indisputably awarded declaratory relief.  (*Id.* at 22).

16      In reply, Plaintiff argues that it obtained declaratory relief from the Ninth Circuit.  (Reply

17  to Mot. for Fees (#105) at 6-9).

18      Pursuant to the Federal Declaratory Judgment Act, "[i]n a case of actual controversy

19  within its jurisdiction . . . any court of the United States, upon the filing of an appropriate

20  pleading, may declare the rights and other legal relations of any interested party seeking such

21  declaration, whether or not further relief is or could be sought.  Any such declaration shall have

22  the force and effect of a final judgment or decree and shall be reviewable as such."  28 U.S.C.

23  § 2201(a).  A federal court may grant "[f]urther necessary or proper relief based on a

24  declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse

25  party whose rights have been determined by such judgment."  28 U.S.C. § 2202.  "Declaratory

26  relief is designed to resolve uncertainties or disputes that may result in future litigation.  It

27  operates prospectively and is not intended to redress past wrongs."  *Jaynes Corp. v. Am.*

28  *Safety Indem. Co.*, ___ F.Supp.2d ___, 2:10-CV-00764-MMD, 2012 WL 6720606, *4 (D. Nev.

1   Dec. 26, 2012).

2       In this case, the Court finds that the Ninth Circuit did not award Plaintiff declaratory

3   relief under the FDJA.  The Ninth Circuit has distinguished between making an administrative

4   remand and issuing equitable relief in administrative agency cases.  In *Earth Island Inst. v.*

5   *Hogarth*, 494 F.3d 757 (9th Cir. 2007), the Ninth Circuit stated, "[a]lthough the ordinary remedy

6   when a court finds an agency's action to be arbitrary and capricious is to remand for further

7   administrative proceedings, a court can order equitable relief or remand with specific

8   instructions in 'rare circumstances.'" *Id*. at 770.  Declaratory and injunctive relief are equitable

9   remedies.  *Sierra Club v. U.S. Dep't of Transp.*, 245 F.Supp.2d 1109, 1114 (D. Nev. 2003).

10      Here, the Ninth Circuit made an administrative remand when it ordered this Court to

11  "vacate the TRPA's approval of the land coverage transfer for LPF 3 and remand the matter

12  back to the agency for further proceedings consistent with [its] disposition."  (Ninth Cir. Mem.

13  Dispo (#95) at 6).  This Court notes that the Ninth Circuit's memorandum disposition did not

14  order TRPA to find one way or another.  Instead, the Ninth Circuit articulated what evidence

15  TRPA would have to provide to support its findings.  To illustrate, the Ninth Circuit stated the

16  following:

17          To the extent that the agency relies on the number of projected public users of
            the LPF Network to support a conclusion that LPF 3 will "primarily" serve non-
18          residents of Sierra Colina Village, reliable estimates of the anticipated public use
            will be helpful.  Additionally, to the extent that TRPA continues to rely on LPF 3's
19          value as an emergency travel route, the agency should elucidate in the record
            how LPF 3 would function as an emergency route for individuals not residing in
20          the new development, what existing road capacity deficiencies it would alleviate,
            and how that function contributes to the conclusion that the LPF *primarily* serves
21          public needs.

22  (*Id*. at 4).  As such, the Court finds that the Ninth Circuit did not award Plaintiff declaratory

23  relief in this matter and, thus, Plaintiff is not entitled to any "further necessary or proper relief"

24  under 28 U.S.C. § 2202.  Although Plaintiff did succeed on its appeal to the Ninth Circuit, that

25  success does not translate to an award of attorneys' fees under the FDJA.  Plaintiff's motion

26  for attorneys' fees is denied.

27      However, pursuant to Federal Rule of Civil Procedure 54(d)(1), the Court grants

28  Plaintiff's costs in the amount of $1,671.75.  (*See* Bill of Costs (#102) at 1; Mot. for Fees

5

(#101) at 20-21).  The Court notes that Defendants did not object to the amount of costs sought by Plaintiff.  (*See generally* Opp'n to Mot. for Fees (#104)).

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's Motion for Further Relief Pursuant to 28 U.S.C. § 2202 Awarding Attorneys' Fees and Costs (#101) is DENIED in part and GRANTED in part.  The Court denies Plaintiff's motion for attorneys' fees under 28 U.S.C. § 2202, but grants Plaintiff's motion for costs under Fed. R. Civ. P. 54(d)(1) in the amount of $1,671.75.


DATED:  This 8th day of July, 2013.


_____
United States District Judge

6